# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**ASHTON FERRELL**                                                      **PLAINTIFF**

**v.**                              **CASE NO. 3:24-CV-00213-BSM**

**DILLON PIGUE, et al.**                                         **DEFENDANTS**

## ORDER

Dillon Pigue's motion for summary judgment [Doc. No. 13] is granted, and Ashton

Ferrell's claims against Pigue arising under the Fourth Amendment, the Americans with

Disabilities Act, and the Rehabilitation Act are dismissed with prejudice.

## I. BACKGROUND

Dillon Pigue, an Arkansas State Trooper, was driving on the highway when Ashton

Ferrell drove past him. *See* Statement of Undisputed Facts (SUMF) ¶¶ 1–2, Doc. No. 14;

Dashcam at 0:46–2:18, Doc. No. 17. Pigue pulled Ferrell over and told him the stop was for

speeding. *Id.* A background check showed Ferrell had an active warrant out of Forrest City

for third-degree assault. SUMF ¶ 5; Dashcam at 12:55. Dispatch initially said Forrest City

could not find the warrant. *Id.* ¶¶ 6–7; Dashcam at 13:00–15:00. A couple of minutes later,

however, dispatch informed Pigue it had located the warrant, and requested that Pigue take

Ferrell into custody. *Id.*; Dashcam at 16:00–25. Pigue handcuffed Ferrell behind his back

and placed him in his patrol car. SUMF ¶ 9; Dashcam at 18:39–20:30. Ferrell is disabled

due to extensive back and shoulder problems, which cause pain and limit his range of motion.

*See* Ferrell Dep. 11:21–12:1–2. He therefore asked to be handcuffed in the front, and Pigue

said no; although he did loosen the handcuffs.  SUMF ¶¶ 10, 12; Dashcam at 20:35–26:35. Pigue then delivered Ferrell to the Forrest City Police Department.  SUMF ¶ 14; Dashcam at 1:09:00.

Ferrell is suing Pigue in his official and individual capacities, alleging the stop and his arrest violated the Fourth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.  Pigue's motion for summary judgment is granted on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008)

## III. DISCUSSION

Dillon Pigue's motion for summary judgment is granted on Ferrell's Fourth Amendment claims and his failure-to-accommodate and failure-to-train claims under the Americans with Disabilities Act and Rehabilitation Act.

A.     Fourth Amendment Claims

Summary judgment is granted on Ferrell's Fourth Amendment unlawful stop and false arrest claims because Pigue is immune from suit on these claims.

*1. The Traffic Stop*

Ferrell states the traffic stop violated the Fourth Amendment because he was not speeding when Pigue pulled him over. For this reason, Pigue lacked reasonable suspicion or probable cause to stop him. Pigue asserts Ferrell was speeding. He also asserts that he is immune from suit. Summary judgment is granted because Pigue has qualified immunity.

Qualified immunity shields officers from suits against them in their individual capacities when their conduct does not violate a clearly-established constitutional right. *Kelsay v. Ernst*, 933 F.3d 975, 979 (8th Cir. 2019); *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019). The clearly-established right to be free from unreasonable traffic stops generally applies unless the officer has probable cause or reasonable suspicion to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 809–10 (1996); *De La Rosa v. White*, 852 F.3d 740, 743 (8th Cir. 2017). In the context of traffic stops, "even an officer's incomplete [or reasonably mistaken] initial observations may give reasonable suspicion." *United States v. Gaffney*, 789 F.3d 866, 868 (8th Cir. 2015); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (qualified immunity applies when officers make reasonable mistakes).

Although this call is closer than the others, summary judgment is granted because, even if Ferrell was driving the speed limit as he testified, *see* Ferrell Dep. 10:12–19, Doc. No.

20, the record is devoid of evidence indicating that Pigue was not reasonably mistaken about Ferrell's speed. *See Flora v. Southwest Iowa Narcotics Enforcement Task Force*, 292 F. Supp. 3d 875, 889 (S.D. Iowa 2018) (officer entitled to make reasonable but mistaken judgment so long as his determination that plaintiff was speeding was not "plainly incompetent") (quoting *Stanton v. Sims*, 571 U.S. 3, 6 (2013)); *see also Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (reasonable suspicion for traffic stop can rest on a reasonable mistake of law). Also, Ferrell's testimony that "the manner" in which Pigue handled the stop was inappropriate is not enough to overcome summary judgment. *See Frevert v. Ford Motor Co.*, 614 F.3d 466, 473 (8th Cir. 2010) (plaintiff may not rely on self-serving affidavits; rather, he "must substantiate allegations with sufficient probative evidence"). While Ferrell's statement to Pigue that it was "disrespectful to pass an officer" is not grounded in the law and borders on the ridiculous, it is not an admission that Ferrell was driving the speed limit. *Id.*; see *also Deville v. Marcantel,* 567 F.3d 156, 165–66 (5th Cir. 2009) (genuine dispute as to whether officer reasonably believed plaintiff was speeding when plaintiff showed officer had history of problematic arrests and was asked to resign for filing false charges against individual). Ferrell's assertion that Pigue activated his lights before Ferrell passed Pigue's vehicle is contradicted by the record. *See* Dashcam 0:53–1:01. And, even if Pigue activated his lights before he was passed by Ferrell, that is not an indication that Ferrell was not speeding.

*2. The Arrest*

Summary judgment is granted on Ferrell's false arrest claim because Pigue has qualified immunity.

Officers are generally entitled to qualified immunity when they arrest suspects pursuant to facially valid warrants. *Fair v. Fulbright,* 844 F.2d 567, 569 (8th Cir. 1988); *Moiser v. Blum*, 875 F.2d 202, 204 (8th Cir. 1989) (citing false arrest cases holding that arrest executed pursuant to a facially valid warrant generally does not give rise to cause of action against arresting officer). Immunity attaches unless "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922–23 (1984)). Reliance can be reasonable even if the warrant is not valid. *Robinson v. Hawkins*, 937 F.3d 1128, 1135 (8th Cir. 2019).

Ferrell argues his arrest violated the Fourth Amendment because the warrant was deficient and no reasonable officer would have relied on it. He says this is true because, (1) after his arrest, he received a copy of the warrant which, unlike the one displayed on Pigue's car computer, is about ten years old and contains unverified handwritten edits and a case number not entered by a court clerk or judicial officer; (2) Forrest City was initially unable to find the warrant; and (3) he could not find a case file supporting the warrant after the arrest. Plf.'s Br. Opp. Mot. Summ. J at 12, Doc. No. 23. As an initial matter, these disputes do not preclude summary judgment. *See Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010) (whether officer had probable cause to arrest is question of law for courts to

decide).

Summary judgment is granted because, even if the warrant was invalid, there is no evidence indicating Pigue should have known this was the case. *See Edwards v. Baer*, 863 F.2d 606, 607–8 (8th Cir. 1988) (police officer entitled to qualified immunity when he reasonably believed invalid traffic warrant justified arrest). Pigue confirmed the warrant with dispatch and the warrant displayed on Pigue's car computer did not contain the alleged defects Ferrell mentions. *See* Pigue Warrant, Doc. 20, Ex. No. 2; Ferrell Warrant, Doc. No. 20, Ex. 1; *see also Young v. City of Little Rock*, 249 F.3d 730, 734 (8th Cir. 2001) (reliance was reasonable when officer's car computer showed existence of arrest warrant, which was verified over police radio). Moreover, Pigue was not obligated to locate the underlying case file before arresting Ferrell, and the minor delay cited does not make the warrant unreliable.

Even if Pigue's reliance on the warrant was unreasonable, qualified immunity still applies because Ferrell does not point to any clearly established law that would have put Pigue on notice that the warrant displayed on his car computer was invalid.

### 3. Official Capacity Claims

Summary judgment is granted on Ferrell's official capacity claims because Pigue has qualified immunity. *See Rogers v. King*, 885 F.3d 1138, 1122 (8th Cir. 2018) (no official capacity claims if officers have qualified immunity).

### 4. Excessive Force

Ferrell's arguments regarding the use of excessive force during the arrest will not be considered because he did not plead an excessive force claim in his amended complaint.

B.      Failure-to-Accommodate

Summary judgment is granted on Ferrell's failure-to-accommodate claims under the ADA and Rehabilitation Act.  In support of these claims, Ferrell argues that Pigue did not reasonably accommodate him when Pigue handcuffed him behind his back.

### 1. ADA

Summary judgment is granted on Ferrell's individual capacity claim because the ADA does not create individual liability.  *Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014).

Summary judgment is granted on the official capacity claim because it operates as a claim against the State, and Arkansas immune from suit.  When Congress enacted Title II of the ADA, it clearly expressed its intent to abrogate state sovereign immunity.  *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363–64 (2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999).  Congress's power to revoke state sovereign immunity is limited, so Ferrell's individual claims must be reviewed to see if the State of Arkansas's immunity has been revoked as it applies to the particularized facts herein.  *See  Klingler v. Dir., Dep't of Revenue, State of Mo.*, 455 F.3d 888, 893 (8th Cir. 2006) (case-by-case determination is made to see whether Congress's attempt to abrogate the state's sovereign immunity is consistent with the scope of its power under Section 5 of the Fourteenth Amendment).

The following factors are considered in making this determination: "(1) which aspects of the State's alleged conduct violated Title II [of the ADA]; (2) to what extent such

misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *United States v. Georgia*, 546 U.S. 151, 152 (2006).  Summary judgment is granted because, even if Ferrell presents a valid ADA claim, the latter two factors weigh strongly in favor of granting sovereign immunity.

The Fourteenth Amendment provides equal protection under the law and due process to all individuals in the United States.  U.S. Const. Amend. XIV.  Typically, laws implicate equal protection when they single out a particular class of people.  Classifications based on disability violate the Equal Protection Clause only if they have no rational relationship to a legitimate governmental purpose. *Tennessee v. Lane*, 541 U.S. 509, 522 (2004) (citing *Univ. of Alabama v. Garrett*, 531 U.S. 356, 367 (2001)).  Cuffing suspects behind their backs passes equal protection scrutiny because it rationally relates to officer safety, which is a legitimate governmental purpose.  The Due Process Clause guarantees certain fundamental rights, and Title II is implicated when an action prevents the disabled from exercising those rights. *Id.* at 523.  There appears to be no case law holding that a refusal to front-cuff a suspect deprives him of his Fourteenth Amendment rights.

Even if Congress intended to prohibit Pigue's conduct, it does not have the power to do so under Title II.  Title II was enacted when "unequal treatment in the administration of state services and programs, including systematic deprivations of fundamental rights," were extreme and widespread. *Id.* at 524.  This unequal treatment resulted in laws that prevented

individuals from voting, marrying, and serving as jurors; and that unjustly committed them to institutions; discriminated against them in zoning laws; and neglected them in state mental hospitals. *See, e.g., Cleburne v. Clerburne Living Center, Inc.*, 473 U.S. 432 (1985) (voting and zoning); *Jackson v. Indiana*, 406 U.S. 715 (1972) (unjustified commitment); *Youngberg v. Romeo*, 457 U.S. 307 (1982) (abuse and neglect); *Lane*, 541 U.S. at 524 (discussing history). Because Ferrell's handcuff claim does not implicate a similar fundamental right, any attempt Congress may have made to eliminate sovereign immunity for this claim exceeds its power to enforce the Fourteenth Amendment. Ferrell's official capacity claim is therefore barred by sovereign immunity. *See Klingler*, 455 F.3d at 894 (courts must consider the rights to be enforced, the presence or lack of historical oppression by the states, and whether abrogation is proportional).

Ferrell's argument that sovereign immunity does not apply to his claims for declaratory and injunctive relief under the *Ex Parte Young* doctrine is not convincing because he does not seek injunctive relief in his amended complaint, and declaratory relief must be prospective; it is not granted merely to establish the legality of past acts. *See Randolph v. Rogers*, 253 F.3d 342, 345 (8th Cir. 2001) ("*Ex Parte Young* permits only prospective injunctive relief."); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993) (judgments declaring officers violated federal law in the past are not permissible).

### 2. Rehabilitation Act

Summary judgment is granted on Ferrell's individual capacity claim against Pigue because the statute does not create individual liability. *See Ellis v. Arkansas*, No. 3:22-CV-

64-DPM, 2022 WL 1750159, at *3 (E.D. Ark. Dec. 8, 2022); *Damron v. North Dakota Commissioner of Corrections*, 299 F. Supp. 2d 970, 970 (D.N.D. 2004), *aff'd*, 127 Fed. App'x 909 (8th Cir. 2005) (unpublished per curiam).

Summary judgment is granted on Ferrell's official capacity claim against Pigue because Ferrell cannot show the Arkansas State Police acted with deliberate indifference. Ferrell argues the State Police failed to accommodate him because Pigue refused to handcuff Ferrell in front of his body. To prevail, Ferrell must (1) point to a state policy or custom that violated his right to a reasonable accommodation and (2) show that the Arkansas State Police were deliberately indifferent "to the strong likelihood" that the policy would violate his federal rights. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998); *Hall v. Higgens*, 77 F.4th 1171, 1181 (8th Cir. 2023). Deliberate indifference is a high bar, requiring "more than even gross negligence." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citations and quotations omitted).

Summary judgment is appropriate because nothing in the record indicates the State Police were deliberately indifferent to the possibility that cuffing a suspect behind his back could violate the Rehabilitation Act. *See Casey v. Cooper*, No. 4:23-CV-206-JMB, 2024 WL 1856176, at *5 (E.D. Mo. April 29, 2024) (no vicarious liability under Rehabilitation Act; plaintiff must establish municipality itself was deliberately indifferent). Indeed, there is no evidence from which a reasonable jury could determine that the State Police were even aware that this was an issue. *See McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir. 2009) (plaintiff must show defendant "actually knew of, but deliberately disregarded," his serious medical

need); *Riles v. Carroll Cnty.*, No. 3:23-CV-3044, 2025 WL 593519, at *10 (W.D. Ark. Feb. 24, 2025) (knowledge can be imputed through official with authority to institute corrective measures); *Hall*, 77 F.4th at 1182 (sufficient evidence to show jail knew about plaintiff's need for accommodations when he complained to numerous employees, submitted grievances to the jail, and was obviously disabled).

    C.    <u>Failure-to-Train</u>

Summary judgment is granted on Ferrell's failure-to-train claims under the ADA and Rehabilitation Act. Ferrell argues the Arkansas State Police did not teach officers to recognize and accommodate disabilities. To succeed on these claims, Ferrell must show that Pigue violated his right to be accommodated and that the State Police were deliberately indifferent to this right by adopting inadequate training practices. *Andrews v. Fowler*, 98 F.3d 1069, 1076–77 (8th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 389–90 (1989)); *see also Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 982 (8th Cir. 2013) (government may be liable for failing to train employees about their legal duty to avoid violating citizens' rights). Even if Ferrell were able to show that Pigue had a duty to accommodate him but failed to do so, summary judgment is appropriate because nothing in the record shows that the State Police were deliberately indifferent when training officers. This is true because there is no evidence indicating the state police "had notice that its procedures were inadequate." *Thelma D. v. Bd. of Educ. of City of St. Louis*, 934 F.2d 929, 934 (8th Cir. 1991); *see also Connick v. Thompson*, 563 U.S. 51, 62 (2011) (pattern of similar violations by untrained employees is usually necessary to show deliberate

indifference).

## IV. CONCLUSION

For these reasons, Dillon Pigue's motion for summary judgment is granted.  The clerk

is directed to update the case style to reflect the dismissal of Pigue as a defendant.

IT IS SO ORDERED this 10th day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE